IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| LARRY T. LACY, | * |
| Plaintiff, | * |
| vs. | *   CASE NO.: 3:08CV56-MHT |
| THE CITY OF WADLEY, | * |
| Defendant. | * |

## ANSWER

Comes now the Defendant as named, The "City" of Wadley, by and through its undesigned counsel, and as Answer to the Plaintiff's Complaint in the above-styled cause says as follows:

Specifically addressing the numbered paragraphs of the Plaintiff's Complaint, this Defendant sets forth as follows:

1. In response to Roman Numeral I, Paragraph 1 of the Plaintiff's Complaint, this Defendant denies said allegations and demands strict proof thereof.

2. In response to Roman Numeral II, Paragraph 2 of the Plaintiff's Complaint, this Defendant, without in any way admitting any liability to the Plaintiff as to the material allegations set out in his Complaint, admits that this Court does have jurisdiction over this action.

3. In response to Roman Numeral III, Paragraph 3 of the Plaintiff's Complaint, without in any way admitting, and expressly denying, that the Plaintiff is entitled to any relief as had been requested in his Complaint, and furthermore this Defendant denying all material allegations made against it, the Defendant does admit that the Plaintiff resided in Randolph County, Alabama and worked for the Town of Wadley for a period of time, the specific time of which is in question.

4.     In response to Roman Numeral III, Paragraph 4 of the Plaintiff's Complaint, to the extent said paragraph in any way implies that Wadley is a City, the same is denied, and, to the extent said paragraph could be interpreted as alleging that the Town of Wadley is "conducting business" in line of interpretation of falling under the Fair Labor Standards Act, the same is denied and strict proof is demanded.

5.     In response to Roman Numeral IV, Paragraph 5 of the Plaintiff's Complaint, without in any way admitting the specific date that the Plaintiff was hired by the City of Wadley, this Defendant does admit that the Plaintiff did work for the City of Wadley as a police officer, and later as Chief of Police.

6.     In response to Roman Numeral IV, Paragraph 6 of the Plaintiff's Complaint, to the extent said paragraph implies that the Town of Wadley alleged something to be untrue, the same is denied and strict proof is demanded. Furthermore, this Defendant asserts that the Plaintiff was in fact an interim Chief of Police at a point in time during his period of employment pertinent to the allegations he has asserted.

7.     In response to Roman Numeral IV, Paragraph 7 of the Plaintiff's Complaint, this Defendant denies same and demands strict proof thereof.

8.     In response to Roman Numeral IV, Paragraph 8 of the Plaintiff's Complaint, without in any way admitting the sufficiency of any prior notice given to the Town prior to this lawsuit being filed, this Defendant admits that the Plaintiff did make written complaints about numerous things prior to bringing this cause of action, including filing an EEOC Charge asserting an age discrimination claim.

9.     In response to Roman Numeral V, Paragraph 9 of the Plaintiff's Complaint, this Defendant denies same and demands strict proof thereof.

10. In response to Roman Numeral V, Paragraph 10 of the Plaintiff's Complaint, this Defendant denies same and demands strict proof thereof.

11. This Defendant denies that the Plaintiff is entitled to the relief requested in his prayer for relief contained in the Complaint, paragraphs 1, 2, 3 and 4, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. Defendant, City of Wadley (hereinafter set out as Town of Wadley), denies that the Plaintiff is entitled to the relief requested under the Fair Labor Standard Practices Act ("FLSA") or any other Federal or State law.

2. Defendant, Town of Wadley, denies at this time that it requested the Plaintiff to work overtime (greater than forty hours a week), and/or subsequently refused to pay him for any overtime claimed by him during his period of employment.

3. Defendant, Town of Wadley, denies at this time that it "suffered or permitted" the Plaintiff to work overtime, or greater than forty hours a week.

4. If the Plaintiff worked greater than forty hours a week as alleged, this Defendant, Town of Wadley, denies at this time that it had actual or constructive knowledge that such work was performed.

5. This Defendant denies that it is, or was, engaged in interstate commerce, engaged in the production of goods for interstate commerce, or working on goods or materials that have been moved in or produced for interstate commerce.

6. This Defendant pleads that the requirements of individual or enterprise coverage has not been met for the FLSA to apply and thus is a bar to the Plaintiff's claims.

7. This Defendant pleads that the Plaintiff is exempt as an employee of the Town of Wadley under the FLSA Coverage upon the basis of, but not limited to, one or more of the following exemptions: administrative exemption, professional exemption, executive exemption, collective bargaining exemption and/or public sector exemption.

8. This Defendant pleads the Plaintiff has failed to mitigate his damages.

9. This Defendant denies that Plaintiff can prove by a preponderance of the evidence that: he was employed by this Defendant in excess of forty hours per week; AND that any work he allegedly performed overtime was for the benefit of this Defendant; AND that he was not properly compensated for that work.

10. This Defendant pleads that an employer is not required to pay overtime compensation in regard to "activities which are preliminary to or postliminary to" the principal activities which the employee is employed to perform "which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he/she ceases, such principal activity or activities." 29 USC Section 254 (a)(2).

11. This Defendant pleads the "de minimis rule" as a bar to the Plaintiff's claims. Plaintiff cannot recover for otherwise compensable time if it amounts to only a few seconds or minutes of work beyond scheduled work hours.

12. This Defendant denies any claim by the Plaintiff that it did not act in Good Faith. Any action, or inaction, undertaken by this Defendant in regard to the Plaintiff was performed in good faith. Further, this Defendant, had reasonable grounds for believing that its act or omission, if any, was not a violation of the FLSA.

13. This Defendant pleads the statute of limitations as a bar to the Plaintiff's claims.

14. The Plaintiff has failed to state a claim upon which relief can be granted.

15. This Defendant pleads the affirmative defense of the Accardi/Heffner Doctrine.

16. This Defendant is not liable for conduct "in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation of [the Wage and Hour Division]." 29 USC Section 259.

17. This Defendant pleads that the Plaintiff failed to follow the proper notice procedures as required and thus is barred from recovering against this Defendant.

18. This Defendant pleads the exemptions under Section 7(o) and Section 7(k) of the FLSA as a complete bar to Plaintiff's claims, and all other exemptions which may be available to it under the FLSA.

19. This Defendant pleads the 10th amendment to the US Constitution as a bar to the Plaintiff's claims.

20. This Defendant denies that it engaged in any conduct that was retaliatory, or could be perceived as retaliatory, in nature.

21. This Defendant states that the Plaintiff's complaint fails to establish a prima facie case of retaliation under the FLSA and thus any interpreted or alleged claim of Retaliation is barred and due to be dismissed for failure to state a claim on which relief can be granted.

22. This Defendant is not liable for liquidated damages, court costs, or attorney's fees under the FLSA.

23. The Plaintiff does not have standing under the FLSA to bring an action against this Defendant.

24. This Defendant denies that it knew or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

25. This Defendant asserts the defense of equitable estoppel as a bar to the Plaintiff's claims.

26. This Defendant asserts the defense of Failure to Demand Overtime Compensation as a complete bar to the Plaintiff's claims.

27. This Defendant asserts that the Plaintiff failed to provide proper notice as required under the FLSA and thus the Plaintiff's claims are due to be dismissed.

28. This Defendant denies instructing Plaintiff not to tell anyone regarding his compensatory time.

29. This Defendant denies instructing Plaintiff not to reflect compensatory time on his time sheets.

30. This Defendant denies that the Plaintiff has ever complained regarding overtime or compensatory time, or provided any type of notice regarding the same, if any.

31. This Defendant denies knowing that the Plaintiff allegedly worked in excess of 40 hours a week without receiving the appropriate remedy due to him.

32. This Defendant denies that any actions in allegedly failing to compensate Plaintiff in violation of the FLSA were willful.

33. This Defendant denies failing to make a good faith effort to comply with the FLSA.

34. This Defendant denies at this time requiring the Plaintiff to work hours in excess of 40 hours per week as complained of in the Plaintiff's Complaint.

35. This Defendant denies having knowledge of Plaintiff's overtime allegations.

36. This Defendant denies that the Plaintiff has suffered damages to the extent claimed.

37. This Defendant denies that the Plaintiff is entitled to liquidated damages.

38. This Defendant denies that the Plaintiff is entitled to pre-judgment interest.

39. This Defendant denies that the Plaintiff is entitled to injunctive relief.

40. This Defendant pleads failure to exhaust administrative remedies as a bar to the Plaintiff's cause of action.

41. This Defendant pleads qualified immunity and all immunities which may be available to it under State and Federal Law as a governmental municipality or otherwise.

42. This Defendant pleads that punitive damages are not available against this Defendant under state and federal law.

43. This Defendant pleads lack of knowledge of any violations and thus lack of willfulness or intent.

44. This Defendant avers that any award of punitive damages to the Plaintiff in this case would be in violation of the constitutional safeguards provided to this Defendant under the Constitution of the United States of America and the State of Alabama.

45. No action of this Defendant proximately caused any injury or damage allegedly suffered by the Plaintiff.

46. The Plaintiff is not an "employee" under the meaning of 29 U.S.C. § 203(e)(2)(C) because he was an individual employed by a political subdivision of a State who was appointed by officeholders(s) to serve on the policymaking level.

47. This Defendant pleads the exception for the employment of persons employed in law enforcement activities found at 29 U.S.C. § 207(k).

48. This Defendant pleads the exception for the employment of employed in law enforcement activities found at 29 U.S.C. § 207(o).

49. This Defendant pleads the exception for the employment of employed in law enforcement activities found at 29 U.S.C. § 207(p).

50. This Defendant is exempted from liability pursuant to 29 U.S.C. § 208(a)(1) because the Plaintiff was employed in a bona fide executive and administrative capacity.

51. This Defendant is exempted from liability pursuant to 29 U.S.C. § 208(b)(20) because the Plaintiff is an employee of a public agency employed in law enforcement activities who, in all or part of the work weeks applicable, employed less than 5 employees in law enforcement activities.

52. This Defendant is otherwise exempted from whole or partial FLSA liability by one or more of the regulations of the Secretary of Labor's Wage and Hour Division found at 29 C.F.R. Part 541.

53. This Defendant is otherwise exempted from whole or partial FLSA liability by one or more of the regulations of the Secretary of Labor's Wage and Hour Division found at 29 C.F.R. Part 553.

54. The statute of limitations pursuant to 29 U.S.C. § 255 for all or part of the Plaintiff's claims has expired.

55. This Defendant is excused from any FLSA liability pursuant to 29 U.S.C. §§ 258 and/or 259 because it acted in good faith and in conformity with and in reliance on the administrative regulations, orders, rulings, approvals, interpretations, administrative practices and/or enforcement policies of agencies of the Secretary of Labor's Wage and Hour Division for the class of employer to which it belongs.

56. Damages for any liability of this Defendant are liquidated and fixed pursuant to 29 U.S.C.A. § 260.

57. This Defendant specifically reserves the right to file any additional or affirmative defenses that may arise as a result of further discovery and investigation as to the allegations contained in the Plaintiff's Complaint.

Respectfully submitted,

 /s/ C. David Stubbs
**C. David Stubbs**        (ASB-7248-U83C)
Attorney for Defendant,
The City of Wadley

**OF COUNSEL**:
STUBBS, SILLS & FRYE, P.C.
P.O. Box 2023
Anniston, Alabama 36202
Telephone: (256) 835-5050
Facsimile: (256) 835-0011
Email: david-ssf@cableone.net

## CERTIFICATE OF SERVICE

I hereby certify that on this the 27th day of February, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to: Robin F. Reynolds, Esq. and Angela J. Hill, Esq.

 /s/ C. David Stubbs
*OF COUNSEL*